UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RHOLANDA RANCE, | ) CASE NO. 1:06 CV 2335 |
| Plaintiff, | ) |
| -vs- | ) |
| | ) MEMORANDUM AND ORDER |
| DATAVANTAGE, CORP., | ) GRANTING DEFENDANT'S |
| | ) UNOPPOSED MOTION FOR SUMMARY |
| Defendant. | ) JUDGMENT. |

UNITED STATES DISTRICT COURT JUDGE LESLEY WELLS

The Court has before it Defendant Datavantage, Corp's. ("Datavantage") unopposed motion for summary judgment against the Plaintiff Rholanda Rance's ("Ms. Rance") Amended Complaint. Ms. Rance brings charges of race and age discrimination against Datavantage for its failure to transfer or promote her into positions for which she applied while working part-time for the Defendant. Ms. Rance also avers Datavantage's actions precipitated her constructive discharge.

For the reasons discussed below, the Court will grant Datavantage's motion for summary judgment and dismiss Ms. Rance's complaint, in its entirety, as a matter of law.[1]

---

[1] Datavantage's motion to dismiss Ms. Rance's claims with prejudice for failure to prosecute (Doc. 13) is denied. A dismissal for failure to prosecute "is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." Stough v. Mayville Community Schs., 138 F.3d 612, 614-15 (6th Cir.1998) (quoting Carver v. Bunch, 946 F.2d 451, 454 (6th Cir.1991).

## I.  Undisputed Facts

Datavantage creates proprietary software programs for retail stores that tracks sales inventory at the retailer's register.  Ms. Rance began working for Datavantage on 14 March 2005 as a part-time level 1 Call Center customer Service Specialist in the Defendant's call center.  In her initial, temporary position, Ms. Rance performed clerical functions for approximately a month, whereupon she was hired on a part-time schedule into the call center earning $11.00 per hour in the entry-level position.  Ms. Rance was responsible for answering inbound phone calls from Datavantage's retail customers regarding routine technical problems involving the Company's software.  In May 2005, Ms. Rance's wage rate increased to $11.50 per hour, and in June her work schedule was increased to thirty-seven hours per week.  During her first year of employment, Ms. Rance sought transfer or promotion to four separate positions outside of the call center: Receptionist, Support Center Client Specialist and two Supervisor positions.

On 20 July 2005, Datavantage posted a job opening for a Receptionist position.  The position required a minimum of 2 to 3 years of customer service or reception area expertise.  Ms. Rance stated in her application that she was drawn to the position because it afforded her the opportunity to become a full-time employee.  Ms. Rance reiterated during her deposition that she was interested in the job because it allowed for a Monday through Friday work schedule with full-time status.  (Rance Depo. 137, 160).  Ms. Rance was interviewed for the position on several occasions.  (Rance Depo. 135-37).  Datavantage did not regard Ms. Rance as an appropriate fit for the Receptionist position because her express desire to take the job was for advancement within the Company, a goal that was not possible for a Receptionist position.  (Melissa Cottrell

Affidavit ¶¶ 4,5). Datavantage chose another candidate with 18 months of experience with the Company as a receptionist. (Rance Depo. 153).

Between June and December Ms. Rance developed attendance issues involving excessive tardiness and absenteeism. (Rance Depo. 179-80). Ms. Rance received a Written Warning on 10 October 2005 for her attendance issues. Id.

On 14 December 2005, Datavantage posted the second position for which Ms. Rance applied, Support Center Client Specialist. The job required five to seven years of customer service experience because the type of service provided was more technically involved. The job posting noted that employees with written warnings on file were not eligible to apply for the position. Ms. Rance, nevertheless, was interviewed for the position but Datavantage did not select her because the chosen candidate held more experience with the Company and in retail store management, and was able to assist the French-speaking Canadian customers due to her language fluency. (Rance Depo. 203).

Finally, Ms. Rance applied for two Supervisor positions posted on 7 February 2006 and requiring a bachelors degree and one to three years of supervisory experience. These positions were two grade levels above Ms. Rance's entry level position. Again, Ms. Rance was interviewed for the positions but was not selected because she sought to advance two grade levels with the Company after less than a year of employment and was otherwise not qualified. Ms. Rance's lack of training and experience did not acquit her candidacy well for the Supervisor positions.

Nevertheless, the evidence indicates that Ms. Rance's interest in advancing in the ranks of the Company was acknowledged. (Dave Kilfoyle Affidavit ¶¶ 7-9).

3

Datavantage increased the Plaintiff's hours to full-time status and assigned her a mentor to help her cultivate the skills necessary for promotion.  The evidence further indicates that two weeks after being assigned her mentor, Ms. Rance abruptly quit Datavantage, leaving an e-mail message announcing her resignation but did not complain of discrimination.  (Rance Depo. 260-62).  During her deposition, Ms. Rance explained that she quit because she "was disappointed and just did not want to work there any longer."  Id.

Ms. Rance initiated this action on 26 September 2006, when she filed a thirteen-count complaint against her former employer, Datavantage.  Ms. Rance averred Datavantage discriminated against her upon the basis of age, in violation of the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1981, and Ohio. Rev. Code § 4112.02(A).  The Plaintiff also alleged discrimination upon the basis of race, in violation of title VII, 42 U.S.C. § 1981, and Ohio Rev. Code § 4112.02 when Datavantage did not select her for several jobs for which she applied.  (Amended Complaint Counts 1-12). Ms. Rance also maintains she was "constructively discharged" from her employment with Datavantage as a result of their allegedly discriminatory action.  (Count 13).

On 9 October 2007, Datavantage filed a motion for summary judgment, to which, on 11 November 2007, Ms. Rance responded with a motion for an extension of time to file.  (Docs. 10, 11).  The Court granted Ms. Rance's requested extension to file until 26 November 2007, but the Plaintiff never filed her responsive brief.  Datavantage subsequently filed joint proposed stipulations of fact on 5 December 2007, and a motion to dismiss for lack of prosecution or to grant defendant's unopposed motion on 10 December 2007.  (Docs. 12, 13).

4

## II.  Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986);  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which might affect the outcome of the action.  Celotex, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When the moving party files a motion for summary judgment, the non-moving party cannot "rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial."  Anderson, 477 U.S. at 248.  The Federal Rules of Civil Procedure require that the non-moving party produce some evidence in support of its allegations supporting its claims, by affidavits or as otherwise provided in the rule.  Fed.R.Civ.P. 56(e).

A fairly atypical situation is presented where the non-moving party fails to respond to the motion for summary judgment.  Although the Court may generally sustain unopposed motions, see Local Rule 7.2(a)(2), it is not empowered to do so where a motion for summary judgment is unopposed.  See Sutton v. United States, 1991 WL 590, at *2 n. 1 (6th Cir. 1991) ( "It is the law of this Circuit that Rule 56 requires a court, even where a motion for summary judgment is unopposed, to determine that

the moving party has established a right to relief as a matter of law and that no genuine issue of material fact exists before the court can award summary judgment" ).

Importantly, however, "where the nonmoving party fails to respond to the motion for summary judgment , the trial court is under no obligation to search the entire record to establish that it is bereft of a genuine issue of material fact." In re St. Clair Clinic, Inc., 1996 WL 6531, at *2 (6th Cir. 1996). Instead, both the trial court and the appellate court should rely upon the facts presented and designated by the moving party. See Guarino v. Brookfield Twp. Trs., 980 F.2d 399, 404-05 (6th Cir. 1992).[2]

### III. Law and Argument

Race based discrimination claims are governed by the familiar burden-shifting scheme set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed.2d 668 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed.2d 207 (1981). Plaintiff must first establish a prima facie case of discrimination by introducing direct evidence of intentional discrimination or, alternatively, by producing circumstantial evidence of discrimination by showing (1) that she was a member of a protected class, (2) that she suffered an adverse employment action, (3) that she was qualified for the position in question, and (4) that she was replaced by a person outside the protected class or that a

---

[2]However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he [or she] has discharged [his or her initial] burden." Stough v. Mayville Cmty. Schs., 138 F. 3d 612, 614 (6th Cir. 1998) (quoting Carver v. Bunch, 946 F. 2d 451, 455 (6th Cir. 1991)).

6

similarly-situated individual not from the protected class was treated more favorably than she was. If an employee has met the prima facie test, the burden shifts to her employer to produce a legitimate, non-discriminatory reason for its actions and then back to the employee to show that the employer's reason was merely a pretext for discrimination.  Hilbert v. Ohio Dept. of Rehabilitation and Corrections, 121 Fed. Appx. 104, *109 (6th Cir. 2005).

Ms. Rance fails to provide probative evidence in support of her prima facie race discrimination case.  She has specifically not established the essential element that she was qualified for the positions for which she applied, nor has she made the necessary showing that the employer's failure to award her the positions amounted to an adverse employment action.

Ms. Rance also asserts Datavantage discriminated against her due to age.  The ADEA prohibits an employer from terminating an employee "because of such individual's age." 29 U.S.C. § 623(a)(1).  To avoid summary judgment, Ms. Rance must meet her initial burden of production by establishing a prima facie case of age discrimination.  Where, as here, the employee lacks direct evidence of age discrimination, the employee must establish that: (1) the employee was over the age of forty; (2) the employee suffered an adverse employment action; (3) the employee was qualified for the position; and, (4) the employee was replaced by a younger person. Phelps v. Yale Security, Inc., 986 F.2d 1020, 1023 (6th Cir. 1993), cert. denied, 510 U.S. 86 (1993).  If the employee establishes her prima facie case, a rebuttable presumption of unlawful discrimination arises.  This shifts the burden of production to the employer to establish some legitimate nondiscriminatory reason for the termination.  Id. at 1024.  If

7

the employer can articulate a legitimate reason, the burden of production shifts back to the employee to show that the employer's proffered reasons were merely pretexts for age discrimination. Id.

Ms. Rance has presented insufficient evidence to establish a prima facie case of age discrimination.  As an initial matter, Ms. Rance's state law age discrimination allegations, pursuant to O.R.C. § 4112.02(A) (Counts 4, 8 & 12), are time barred as falling outside of the 180-day window provided by the statute of limitations.  See Kozlevcar v. Tom Ahl Buick, Inc., 2007 WL 2344782 (N. D. Ohio, August 15, 2007).  As to her federal age discrimination claims, Ms. Rance has not established she was qualified for the positions to which she applied, or that Datavantage's refusal to hire her into any of those positions would qualify as an adverse employment action.

Finally, with regard to Ms. Rance's allegation of constructive discharge, the Plaintiff must shoulder the burden of establishing that Datavantage intended to cause her to resign and that her resignation was a reasonably foreseeable consequence of the employer's actions.  See Logan v. Denny's, Inc., 259 F. 3d 558, 567 (6th Cir. 2001).  Ms. Rance has not carried the burden of showing that her working conditions at Datavantage had become so difficult or intolerable that a reasonable person in her position would have felt compelled to resign.  Instead, the Court finds the facts present a picture of an entirely voluntary resignation on the part of Ms. Rance.

Upon review of the record and consideration of Datavantage's motion for summary judgment, the Court finds no genuine issue as to any material fact, and determines that Datavantage is entitled to judgment as a matter of law.  Ms. Rance's claims of age and race discrimination fail because she has not provided probative

8

evidence sufficient to rebut Datavantage's stated legitimate, non-discriminatory reasons for not awarding the Plaintiff the transfers or promotions for which she applied.  See Anderson, 477 U.S. at 249-50 (concluding that if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment).  Moreover, because Ms. Rance failed to respond to Datavantage's dispositive motion, she failed to prove even her prima facie case of race and age discrimination.  See Williams v. Tyco Elec. Corp., 161 Fed. Appx. 526, 529 (6th Cir. 2006) (affirming district court's decision to grant summary judgment based on Plaintiff's failure to proffer sufficient evidence to make out a prima facie case of either age or race discrimination).  In this instance, Datavantage demonstrates that Ms. Rance was not qualified for the applied for  positions.  This Court agrees.

### IV.  Conclusion

For the foregoing reasons, Datavantage's unopposed Motion for Summary Judgment is granted and Ms. Rance's complaint is dismissed as a matter of law in its entirety.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE